IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HITACHI CAPITAL AMERICAN CORPORATION, | } } } | |
| Plaintiff | } } | |
| v. | } } | CIVIL ACTION NO. H-06-1959 |
| MELINDA K. ANDRESS, MICHAEL R. MANN, DAVID H. JANOWITZ, RICHARD NULIA-CROUSE, DUY V. BUI, JOSE R. GUARJARDO, and ANTHONY J. LAMARRA, | } } } } } } } | |
| Defendants | } | |

## **OPINION & ORDER**

Before the court is Plaintiff Hitachi Capital America Corporation's ("Hitachi's") motion to dismiss the counterclaims filed by Defendants Duy V. Bui ("Bui") and Jose R. Guarjardo ("Guarjardo"). (Doc. 28.) Bui and Guarjardo have filed a response (Doc. 33), and Hitachi has replied (Doc. 35). For the reasons explained below, the court ORDERS that Hitachi's motion is GRANTED.

**I.      Background and Relevant Facts**

This is a suit on a guaranty agreement. As two of several limited investors, Bui and Guarjardo executed personal guaranty agreements of payment totaling $72,686.00, $43,680.00 by Bui and $29,006.00 by Guarjardo, in the event that Medical Plaza Surgical Center ("MPSC") defaulted on its $1,228,231.80 note to Hitachi. (Bui and Guarjardo Guaranties, Pl.'s Compl. Exs. H & I, Doc. 1.) Thereafter MPSC defaulted, and Hitachi filed suit against MPSC on the note and against Bui, Guarjardo, and others on their guaranty agreements. In response, Bui and Guarjardo filed separate but identical counterclaims against Hitachi alleging that Hitachi was "estopped from

enforcing the terms of the loan documents" because Clifford Kirby ("Kirby"), a promotor for MPSC, committed fraud in convincing them to invest in MPSC. (Ans. 10, Doc. 11; Ans. 10, Doc. 12.)

Kirby and Morris Andress ("Andress"), as owners of Lifecare ASC Management, L.L.P. ("Lifecare"), began promoting investment in the MPSC limited partnership to own and operate a surgical care facility in Houston, Texas. Lifecare planned to operate the facility for a monthly fee and to maintain 15% ownership for a portion of the partnership profits.

Kirby approached Bui and Guarjardo in 2004 about investing in MPSC. Bui and Guarjardo allege that Kirby, desperate to sell five outstanding units in the facility, made misrepresentations concerning both the quality and stability of the investment to induce them to invest in the limited partnership. (Ans. 5-6, Doc. 11; Ans. 5-6, Doc. 12.) According to Bui and Guarjardo, Kirby presented them with a list of highly respected doctors who Kirby represented as being investors when, in reality, "none of the . . . doctors had invested (nor would they ever invest) in [MPSC]." (Ans. 6, Doc. 11; Ans. 6, Doc. 12.) Moreover, Kirby orally represented to Bui and Guarjardo that other prominent, local doctors had invested in the facility, that these physicians would be referring patients to the MPSC, and that the MPSC would therefore generate large profits. None of these representations appear to have been true either.

Based on Kirby's representations, Bui and Guarjardo purchased the five remaining partnership units in the MPSC. Bui purchased three units for $45,000, and Guarjardo purchased two for $30,000. (Ans. 7, Doc. 11; Ans. 7, Doc. 12.) They allege that Kirby had each partner borrow $50,000 from Frost Bank to finance the completion of the MPSC's construction. (*Id.*) In late May 2004, Kirby represented to Bui and Guarjardo that he had obtained refinancing of these individual partnership loans from Whitney Bank. Kirby claimed this refinancing was a "better deal" and would "reduce [Bui and Guarjardo's] exposure." (Ans. 7-8, Doc. 11; Ans. 7-8, Doc. 12.)

Nearly a year later, in April 2005, MPSC executed the master loan at issue in this case. (Ans. 8, Doc. 11; Ans. 8, Doc. 12.) Bui and Guarjardo allege that "Kirby, as Hitachi's agent,

convinced [them] to sign Hitachi's Consent of Partners, Pledge Agreement and Limited Personal Guaranties." (*See id.*)  Both acknowledge to never having met "any representative of Hitachi prior to executing the [agreements] presented to [them] by Kirby," but that Kirby was acting at all times as Hitachi's alleged "agent."  (*Id.*)

Accordingly, Bui and Guarjardo filed their counterclaims arguing that Hitachi should not be able to collect on the guaranties and benefit from the fraud of its "agent," Kirby.  Hitachi has moved to dismiss these counterclaims for failing to allege fraud with particularity and for failure to state a claim upon which relief can be granted.

**II.**      **Legal Standards**

1.    Fed. R. Civ. P. 9(b)

Federal Rule 9(b) requires that allegations of fraud "shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992)).  In other words, Rule 9(b) "requires the who, what, when, where, and how" to be laid out.  *Id.*; *see also U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) ("Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud") (citations omitted).

2.    Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Dismissal under Rule 12(b)(6) is disfavored, and a motion to dismiss under the rule is rarely granted.  *Lowrey*

*v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of plaintiff's claims, and all factual allegation pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).[1] In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

**III.     Analysis**

Bui and Guarjardo do not contend that Hitachi committed any fraudulent act or made any fraudulent statements apart from Kirby's acts and statements. They acknowledge that the only basis for holding Hitachi liable for fraud is the allegation that Kirby acted as Hitachi's agent. (Resp. 7, Doc. 33.) "[W]hen agency is an element of a fraud claim, agency must be pleaded with particularity required under Rule 9(b)." *Whitney National Bank v. Medical Plaza Surgical Center, L.L.P.*, No. H-06-1492, 2007 WL 400094, at *3 (S.D. Tex. 2007) (citing *Kolbeck v. LIT America, Inc.*, 923 F. Supp. 557, 570 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *American Credit Union v. HCG Financial Servs., Inc.*, No. 89 C 9583, 1990 WL 77992, at *4 (N.D. Ill. June 1, 1990); *Chou v. University of Chicago*, 254 F.3d 1347, 1362 (Fed. Cir. 2001); *Abels v. Farmers*

---

[1]     Traditionally, a Rule 12(b)(6) dismissal was not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey*, 117 F.3d at 247 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This standard has been modified in certain contexts by the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (7-2 decision). *Twombly*, an anti-trust case, appears to reject the *Conley* "no set of facts" test: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do . . ." *Id.* at 1964-65 (internal citations and quotations omitted). Instead, a plaintiff must allege enough facts to state a claim to relief that is "plausible on its face." *Id.* at 1974. *Twombly* does not, however, affect the dismissal standard in this case because the court employs the heightened pleading requirements of Rule 9(b) rather than the more liberal pleading requirements of Rule 8(a)(2) to which *Twombly* referred.

*Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001); and *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999)). Thus, the issue is whether Bui and Guarjardo have pled particular facts demonstrating that when Kirby had Bui and Guarjardo sign the Hitachi guaranty documents, Kirby acted as Hitachi's actual or apparent agent. *See id.* at *12 (citing *Lachmund*, 191 F.3d at 783).

Bui and Guarjardo argue that delivering the guaranty documents imbued Kirby with apparent authority to act on Hitachi's behalf.[2] In Texas, apparent authority

> may arise either from a principal knowingly permitting an agent to hold herself out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority she purports to exercise.

*Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984) (citing and adopting Section 8 of the Restatement (Second) of Agency). The facts underlying Bui and Guarjardo's apparent agency argument are that "Hitachi provided the loan documents that Hitachi wanted [them] to sign to Kirby," that "Kirby drove the loan documents to [their] offices," and that "Kirby did not leave copies of the loan documents with Defendants." (Resp. 8, Doc. 33.) Defendants claim they reasonably believed that Kirby was authorized to (1) "explain the Hitachi credit facility to Defendants"; (2) "request the Defendants guaranty the repayment"; and (3) "obtain Defendants [sic] signature." (*Id.*) Therefore, Bui and Guarjardo conclude, "by providing the loan documents that Defendants needed to sign to Kirby, [Hitachi] permitted Kirby to hold himself out as having authority to act on behalf of Hitchi to obtain Defendants' signatures." (*Id.*)

The court finds that Bui and Guarjardo have failed to plead particular facts indicating an agency relationship between Hitachi and Kirby. Bui and Guarjardo made these identical arguments in a parallel suit filed by Whitney Bank to recover on the refinanced loan obligations in

---

[2] Bui and Guarjardo do not argue that Kirby had actual authority to act on behalf of Hitachi.

the MPSC investment and pending before the Honorable Judge Rosenthal.  In *Whitney*, Bui and Guarjardo filed counterclaims against Whitney Bank alleging fraud and civil conspiracy in connection with Kirby's representations.  2007 WL 400094, at *1.  Like Hitachi, Whitney Bank moved to dismiss Bui and Guarjardo's counterclaims under Rules 9(b) and 12(b)(6).  *See id.*  Jude Rosenthal found that Bui and Guarjardo had not alleged sufficient facts demonstrating an apparent agency relationship with Whitney Bank:

> In their counterclaims and in the response to the motion to dismiss, Bui and Guajardo have not alleged facts that could show that Kirby was Whitney Bank's agent. There is no allegation of any Whitney Bank action that would suffice for apparent agency; actual agency is neither alleged nor argued . . . there is no allegation that Whitney Bank took an action or failed to take an action that would lead a reasonably prudent person to believe it had authorized Kirby to act on Whitney Bank's behalf. Bui and Guajardo argue that they had reason to believe that Kirby was authorized to "explain the Whitney Bank credit facility," to "request that the Defendants guaranty the repayment," and to "obtain Defendants [sic] signatures." (Docket Entry No. 37 at 8). Bui and Guajardo's pleadings at most allege that Kirby had apparent authority to present Whitney Bank loan documents for signature, not to bind Whitney Bank to Kirby's representations about the nature or extent of the risk. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 668, 671 (Tex.1998) ("We conclude that Ace's and Gunnels's actual and apparent agency authority on behalf of INA extended only to representations concerning the insurance product and not also the investment product.").

*Id.* at *4.  This court agrees and finds that Bui and Guarjardo's arguments fail here for the same reasons.

Indeed, the application of *Whitney* is especially appropriate in this case where the connection between Kirby and Hitachi is even more remote than that between Kirby and Whitney Bank.  For example, Kirby's alleged misrepresentations in *Whitney* were made at approximately the same time as the issuance of the refinanced loans.  By contrast, Kirby's fraudulent conduct occurred a year *before* Bui and Guarjardo entered into the guaranty agreements with Hitachi.  Moreover, in *Whitney*, there was at least a direct nexus between the refinanced loan upon which Whitney Bank brought suit and Kirby's misrepresentations: Kirby claimed this refinancing was a "better deal" and

would "reduce [Bui and Guarjardo's] exposure." (Ans. 7-8, Doc. 11; Ans. 7-8, Doc. 12.) No such link exists between the Hitachi guaranty agreements and Kirby. These distinctions further demonstrate the tenuousness of the connection between Kirby and Hitachi and further support the finding that there is no factual basis to support the existence of an agency relationship.

**IV.        Conclusion**

Conclusory assertions that an agency relationship exists do not satisfy the heightened pleading requirements of Rule 9(b). Without any particularized facts demonstrating an agency relationship, the court must dismiss the Bui's and Guarjardo's counterclaims against Hitachi. Accordingly, it is hereby

**ORDERED** that Hitachi's motion to dismiss (Doc. 28) is **GRANTED**.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE